In the Matter of COMMON COUNCIL OF THE CITY OF ALBANY, Petitioner, v. TOWN BOARD OF THE TOWN OF BETHLEHEM, Respondent. (No. 7387.)

In the Matter of COMMON COUNCIL OF THE CITY OF ALBANY, Petitioner, and LEONARD W. EVERHART, Intervenor-Petitioner, v. TOWN BOARD OF THE TOWN OF BETHLEHEM, Respondent, and CLAYTON B. HALL et al., Intervenors-Respondents. (No. 7450.)

Third Department, July 21, 1966.

*John W. Hacker, Corporation Counsel* (*Howard C. Nolan* of counsel), for petitioner.

*George Myers* for intervenor-petitioner.

*Arthur E. McCormick* for respondent and intervenors-respondents.

*Louis J. Lefkowitz, Attorney-General* (*Emil Woldar* of counsel), for the People of the State of New York.

GIBSON, P. J. Applications are made by petitioner Common Council for judgment that the proposed annexation to the City of Albany of certain territory in the Town of Bethlehem is in the over-all public interest, the applications being made in proceedings for an adjudication and determination of that issue brought pursuant to section 712 of the Municipal Annexation Law (General Municipal Law, art. 17). The territory comprises two separate areas, in respect of which separate proceedings were brought.

Upon the commencement of the proceeding, the court, by order of reference made pursuant to said section 712, designated Mr. Justice SCHIRICK, Mr. Justice SIMPSON and Mr. Justice SWEENEY as Referees to hear the issues and report thereon to the court. (23 A D 2d 514.) Respondents then moved to dismiss the petition on the ground that section 712 was constitutionally invalid; but their contention was rejected. (23 A D 2d 381, affd. 17 N Y 2d 594.) The trial before the Referees then proceeded and upon its conclusion the Referees filed their unanimous report* that the proposed annexation was indeed in the over-all public interest. The report proper is comprehensive and detailed, as are its constituent findings of fact and conclusions of law (filed therewith but not reported), and does not require discussion. We approve the Referees' report, findings and conclusions (with one unimportant exception hereinafter noted) and, having heard oral argument thereon, confirm and adopt them as the findings of this court and predicate our adjudication and determination upon them. (General Municipal Law, § 712, subd. 10.)

Upon this application, respondents mount a second attack upon the constitutionality of section 712 and, necessarily, upon the validity of this court's order of reference (23 A D 2d 514),

---

* Reported at 26 A D 2d 232.

contending that the requirement of subdivision 6 of section 712 that the court refer the issue to "three referees, each of whom shall be either a justice of the supreme court or a retired justice of the supreme court" is in violation of the constitutional provision that a "justice of the supreme court * * * may not * * * engage in the practice of law, act as an arbitrator, referee or compensated mediator in any action or proceeding or matter or engage in the conduct of any other profession or business which interferes with the performance of his judicial duties." (N. Y. Const., art. VI, § 20, subd. b, par. [4].) The clear meaning, intent and effect of the provision is to proscribe private business and professional activities on the part of a justice and to confine his activities in the field of the law to the performance of the judicial duties pertaining to his office. In context, the word "referee" as therein used can mean only a special referee or a private referee, so-called, who is usually a lawyer and is customarily remunerated by an allowance of fees, but, of course, is never a justice. It is equally clear that in implementing article IX of the Constitution by the enactment of section 712 and the other provisions of the Municipal Annexation Law, the Legislature acted within its authority in adding this further judicial duty to those theretofore imposed upon Justices of the Supreme Court.

The finding of respondent's request No. 69 in case No. 7450 should be reversed.

The applications should be granted, without costs.

HERLIHY, REYNOLDS, TAYLOR and AULISI, JJ., concur.

Applications granted, without costs.

---

### Report of Referees, June 10, 1966.

The undersigned have been appointed, in pursuance of section 712 of article 17 of the General Municipal Law, Referees to hear and report to the Appellate Division, Third Department, with respect to the issues created in the two above-entitled proceedings. In Proceeding No. I, the City of Albany seeks to annex to the City of Albany 80.80 acres of land situated in the Town of Bethlehem. In Proceeding No. II, the City of Albany seeks to annex additional territory consisting of 1,016 acres of land situate in the said Town of Bethlehem. Reference is made to the respective petitions for the description of the land.

In pursuance of the order of reference, evidence was taken on April 4, 5, 6, 7, 11, 12, and 13, 1966. It was stipulated at the close of the case that the only issue presented to the court was the question as to whether the annexations are in the over-all

public interest. Upon the evidence presented with respect to each proposed annexation, this report coincides with respect to each of the proceedings. Over-all public interest involves the benefit or detriment to:

1. The City of Albany;
2. the Territory proposed to be annexed; and
3. the remainder of the Town of Bethlehem.

In this report when the word " Territory " is used alone it shall mean both parcels to be annexed. When the word " City " is used alone it shall mean the City of Albany and when the word " Town " is used alone it shall mean the Town of Bethlehem and shall include the areas proposed to be annexed.

THE CITY OF ALBANY

This report need not concern itself extensively with the effect of annexation upon the City of Albany. The City administration has petitioned the court for a judicial determination that annexation would be for the over-all public interest, through its attorney it has prosecuted the proceedings and several of its administrative officers, including the Mayor, the Chief of Police and the acting Fire Chief, have testified in support of the petition for annexation.

Whitehall Road is the westerly boundary of Albany and the easterly boundary of the Town of Bethlehem. On its east, in the City of Albany, is a highly developed residential area. On its west, in the Territory proposed to be annexed, the land is so sparsely developed as to be rural in nature.

It seems to be undisputed that a bursting swell of population into the Territory, with a great increase in assessable real property, awaits only the extension of water and sewage disposal facilities thereto, which will be discussed hereafter.

THE TERRITORY TO BE ANNEXED

The Town of Bethlehem has an area of approximately 52 square miles. The City of Albany has an area of approximately 19 square miles. The Territory has an area of 1.59 square miles. Within it are a public golf course, owned by the City of Albany, and several tax-exempt properties of religious and educational natures.

Within the area in Proceeding No. I, for the year 1966, the total assessed value of land and buildings is $246,900. The tax-exempt property has an assessed value of $203,500, leaving taxable property of $43,400.

Within the area in Proceeding No. II, for the year 1966, the assessed value of all the property is $1,661,675. The tax-exempt

property has an assessed value of $1,033,500., leaving taxable property of $628,175.

It is clear that in the present state of undevelopment, the Territory proposed to be annexed is of little profit to the Town from the standpoint of taxes received less expense of services and maintenance.

The main reason for this extreme lack of development on the Bethlehem side of Whitehall Road, as contrasted with the highly developed area on the Albany side is the absence of a secure and constant supply of potable water and the complete absence of sewage mains.

Water is now available to the residents of the area through wells, wells of property owners and through and from a private main, carrying Albany water, constructed and owned by the Catholic diocese and running to its educational structures. Thence, by consent of the diocese and the City of Albany, the water is extended to a private water district operated by one Keleher, who supplies 78 homes. This supply is entirely dependent on the Albany authorities. The water to those residents not supplied by Albany is unsatisfactory, dirty and sandy and undependable in time of drought.

The sewage disposal situation constitutes a general hardship in the Territory. Sewage drains into septic tanks, the soil is clayey and not susceptible to absorption. Sewage runs in the streets. Drainage rises to the surface of the ground, the stench is often unpleasant. The Albany County Health Department has taken cognizance of this sewage problem and will not permit further development under existing conditions.

The City of Albany has made a commitment through its Mayor that it will install water mains to the area free, leaving only lateral lines to be paid for by the residents and that it will provide sewers to the area to be paid for by assessment of the users.

It is true that the Town of Bethlehem has indicated, by its officers, that it will provide these services if the property is not annexed. There apparently would be little difference in the cost of the sewer lines, but the Town would not provide the water mains without cost and there is evidence that the cost of extending these mains would constitute an additional tax on the real property of the users of from $25 to $33 per thousand of assessed valuation for 30 years, but there is such widespread resistance in the Territory to the extension of water and sewage mains from the Town of Bethlehem that it may very well be that if the Territory is not annexed to the City the existing stalemate may continue.

The overwhelming sentiment of the residents of the Territory, who are not town officers or related to town officers, is for annexation. They give as additional reasons, the fact that they are socially a part of Albany, their children go to Albany schools (there is no school in the school district of which they are a part), they go to Albany churches, they prefer the city fire protection and police protection (though they concede that the Town's firemen and policemen are not subject to criticism).

THE TOWN OF BETHLEHEM

The same unanimity of sentiment which prevails in the Territory for annexation seems to be equalled by the opposition in the remaining part of the Town.

The town officers and residents outside the Territory do not wish to lose sovereignty over the Territory, they do not wish to lose the tax revenue that will accrue and increase, as it surely must when the area becomes susceptible of development. They point out that the loss of the Territory will not decrease their expense for town services (though we cannot concur in this) and they point out that the continual erosion by annexation by the City will tend to destroy the Town, physically and economically.

We are not inclined to find that mere sovereignty over the Territory or sentimental attachment to the Territory enters into the question of " over-all public interest ". The separation of 1.59 square miles, with its present almost negligible tax revenue, from the remaining 52 square miles of the Town would seem not to be destructive to the Town, and as to future propositions for annexation, we must await the event.

It seems to us, though we, of course, cannot make a positive finding, that annexation and development of the area will be of great benefit to the remaining part of the Town, which has water and sanitary facilities when the barrier of this sterile Territory is removed. With the dissent apparent in the area, which in great part prevents the extension of facilities from the Town, annexation to Albany seems to be the real cure for the sterility of the Territory and the needed stimulus to a growth and development heretofore for years stunted.

We report that annexation of the Territory to the City of Albany would be for the over-all public interest.

MICHAEL E. SWEENEY,
Justice of Supreme Court
HARRY E. SCHIRICK,
Justice of Supreme Court
HAROLD E. SIMPSON,
Justice of Supreme Court