## (April 6, 1984)

■ In the Matter of ANDREW F. CAPOCCIA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Application to rescind those portions of the order of this court entered January 23, 1984 (99 AD2d 609) which referred the issues presented in this attorney disciplinary proceeding to Hon. Loren N. Brown, Judge of the Saratoga County Court, for hearing and report, denied. ¶ We do not view our order of reference in this matter as imposing upon the Judge an additional "public office or trust" within the meaning of article VI (§ 20, subd b, par [1]) of the State Constitution (cf. *Matter of Richardson*, 247 NY 401), nor do we find the reference to be invalid by reason of article VI (§ 20, subd b, par [4]) of the Constitution which states, in part, that a Judge may not "engage in the practice of law, act as an arbitrator, referee or compensated mediator in any action or proceeding or matter" (see *Matter of Common Council v Town Bd.*, 26 AD2d 230, affd 19 NY2d 646). Finally, the reference of issues for hearing and report does not offend article VI (§ 26, subd i) of the Constitution which concerns the temporary assignment of Judges or Justices to other courts (see *Matter of Morgenthau v Cooke*, 56 NY2d 24, 30). Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK A. PALMIERI, Appellant. — Motion to dismiss appeal taken by defendant granted and appeal dismissed upon the ground that the criminal prosecution has abated by reason of his death. (*People v Darden*, 52 NY2d 1015; *People v Mintz*, 20 NY2d 753, 770.) Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.