(January 16, 1985)

■ In the Matter of ANDREW F. CAPOCCIA, Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Petitioner moves to confirm in part and to disaffirm in part the report of the referee to whom the issues were referred in this attorney disciplinary proceeding. Respondent, who was admitted to the Bar by this court on January 18, 1974 and maintains an office for the practice of law in the City of Albany, cross-moves to disaffirm the report and also requests that the matter be reopened and remanded to the referee for the purpose of permitting him to testify in his own behalf.

By way of background, the original petition containing eight charges of misconduct was filed in May, 1982 and was referred to a referee for hearing and report. The referee sustained four of the charges and this court confirmed his findings and suspended respondent for six months (*Matter of Capoccia,* 94 AD2d 891). The Court of Appeals stayed the suspension and thereafter reversed our order on the ground that it was error to summarily deny respondent's demand for an open public hearing following his waiver of the confidentiality provisions contained in subdivision 10 of section 90 of the Judiciary Law. All evidence before the referee was stricken, the referee's report was vacated and the matter remitted to us for further proceedings (*Matter of Capoccia,* 59 NY2d 549). The original petition and a supplemental petition containing one additional charge of misconduct were subsequently referred to a different referee for public hearing (97 AD2d 877; 99 AD2d 609). Following this hearing, at which respondent appeared by counsel but did not testify, the referee sustained four charges and part of a fifth charge contained in the original petition and also sustained the single charge set forth in the supplemental petition. The instant motion and cross motion ensued.[*]

---

[*] Respondent applied to rescind those portions of our order which referred the petition and supplemental petition to Honorable Loren N. Brown, then Judge of the Saratoga County Court, on the ground that the reference was not constitutionally permissible. This application was denied (*Matter of Capoccia,*

Initially, we decline to honor respondent's suggestion that this matter should be reopened and remanded to the referee to afford him an opportunity to testify in his own behalf. The record clearly demonstrates that respondent's election not to testify at the hearing was knowingly and freely made following consultation with his then attorney and a thorough examination by the referee as to the consequences of such a tactic. The fact that respondent's present counsel does not agree with the advice given his client by the latter's former attorney is a wholly inadequate ground upon which to direct the reopening of the hearing in this proceeding which has now been pending before the court for over two and one-half years.

We also reject respondent's contention that all proceedings against him should be vacated because a member of petitioner Committee on Professional Standards was also a complainant in one of the charges involved in this proceeding. The record establishes that the committee member in question recused himself from deliberations involving respondent and did not vote in any determination which resulted in the filing of the instant petitions. Moreover, it is noted that the committee on other occasions dismissed charges against respondent brought by this committee member thus demonstrating its impartiality with regard to matters involving these parties.

The original petition charges that respondent communicated with a Judge as to the merits of a case without notice to opposing counsel (charge 1); failed to obey a direction of a Judge to appear on a day certain (charge 2); charged and collected an excessive fee (charge 3); prepared a false and fraudulent pleading for a client (charge 4); took action on behalf of a client when he knew that such action would serve merely to harass or maliciously injure another (charge 5); certified a record on appeal as a true copy of papers on file in the county clerk's office when the same was not a true and accurate copy (charge 6); failed to file a satisfaction piece and made improper use of court process (charge 7); and failed to cooperate with petitioner in its investigation of inquiries pending against him (charge 8). The supplemental petition contains a single charge alleging that respondent failed to obey a direction on behalf of the court to appear on a day certain. As to the charges in the original petition, the

101 AD2d 627). Respondent also commenced a proceeding in the nature of prohibition seeking, *inter alia,* to prohibit this court from taking any further action in the disciplinary proceeding. Following the transfer of the prohibition proceeding to the Appellate Division, Fourth Department, that court dismissed the proceeding (*Matter of Capoccia v Appellate Div., Third Dept.,* 104 AD2d 735) and the Court of Appeals subsequently dismissed respondent's appeal from that determination (64 NY2d 754).

referee sustained charges 1, 2, 3, 6 and specification 1 of charge 7 (failure to file a satisfaction piece), and refused to sustain charges 4, 5 and specification 2 of charge 7 (improper use of court process). Also sustained was the single count contained in the supplemental petition. Charge 8, alleging respondent's failure to cooperate with petitioner, was withdrawn at the hearing. In addition, petitioner on this motion does not contest the referee's refusal to sustain charge 4 or specification 2 of charge 7.

After a thorough review of all of the testimony and exhibits, we agree with and confirm the findings of the referee sustaining charges 1, 2, 3 and 6 and his refusal to sustain charge 5 of the original petition. We disagree with the referee's findings sustaining specification 1 of charge 7 of the original petition and the single charge contained in the supplemental petition; consequently, we disaffirm his report with respect to these charges. With regard to specification 1 of charge 7, we note that this same specification was dismissed by the referee following the first hearing on the original petition and that the dismissal of this charge was later sustained by the court (*Matter of Capoccia*, 94 AD2d 891, *supra*). Petitioner produced no additional evidence at the second hearing which would warrant changing this result. As to the single charge contained in the supplemental petition, we agree with respondent's observation that neither a specific written complaint nor a Chief Attorney's inquiry was filed in this matter as required by 22 NYCRR 806.4 (a) of our rules. Moreover, we do not find that petitioner established this charge by a preponderance of the evidence.

Accordingly, petitioner's motion is granted to the extent of confirming the report of the referee insofar as it sustains charges 1, 2, 3 and 6, and is otherwise denied. Respondent's cross motion is granted to the extent of disaffirming the report insofar as it sustains specification 1 of charge 7 and the single charge contained in the supplemental petition, and is otherwise denied.

As an appropriate sanction to be imposed for respondent's misconduct, we conclude, as we did when we first sustained the same charges, that he should be suspended from the practice of law for six months.

Respondent suspended for a period of six months, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.