■ CAROL BIZZARRO, Appellant, v DOMINICK J. BROGNANO, Defendant and Third-Party Plaintiff-Respondent. ANDREW F. CAPOCCIA, P. C., et al., Third-Party Defendants-Appellants.— Levine, J. Appeal from an order of Supreme Court (Prior, Jr., J.), entered November 6, 1986 in Albany County, which denied the motion by plaintiff and third-party defendants to dismiss defendant's counterclaim and third-party complaint.

Plaintiff brought this action alleging legal malpractice on the part of defendant during the period from February 1985, when he was substituted as plaintiff's counsel in her matrimonial action in place of her former (and subsequent) attorney, third-party defendant,* until September 1985, when he was relieved as attorney of record. Defendant served an answer in which he denied the substantive allegations of malpractice and interposed (1) a counterclaim against plaintiff and a claim against third-party defendant for the reasonable value of his services allegedly requested by them, for which defendant was not paid, and (2) an additional claim against third-party defendant, alleging that any damages plaintiff suffered were due to third-party defendant's malpractice. Plaintiff and third-

---

* There are two third-party defendants—Andrew F. Capoccia and Andrew F. Capoccia, P. C. For purposes of this appeal, they will be considered as one and referred to as "third-party defendant".

party defendant then moved to dismiss the counterclaim and both third-party causes of action. They appeal from the order denying the motion.

There should be affirmance. As to defendant's claims for payment of the value of his legal services allegedly requested by plaintiff and third-party defendant, the main basis for dismissal asserted in the moving affidavit is that these claims were inconsistent with an affidavit of defendant in an unrelated legal action between defendant and third-party defendant concerning a dispute over financial arrangements when defendant took over numerous pending files during the period of third-party defendant's six-month suspension from the practice of law (see, Matter of Capoccia, 107 AD2d 888, lv denied 64 NY2d 606). It was asserted on the motion that defendant had stated in the affidavit that he had agreed to handle third-party defendant's matrimonial files "for no fee"; hence, defendant's claim for the value of legal services to plaintiff was without merit. Defendant disputes the apparent inconsistency. In any event, neither the stated ground for the motion nor the papers submitted in support thereof afford a basis for dismissal under CPLR 3211. Any conflict between defendant's affidavit in an unrelated proceeding and his pleadings herein merely create an evidentiary issue. The pleading of his cause of action for legal work and services was otherwise sufficient (see, Matco Elec. Co. v Plaza Del Sol Constr. Corp., 82 AD2d 979, appeal dismissed 55 NY2d 748).

Likewise, Supreme Court correctly denied the motion to dismiss the second third-party cause of action. Plaintiff's pleading on damages merely alleges that, as a result of defendant's malpractice, she "suffered expenses, emotional suffering, anxiety, harassment, annoyance and embarrassment". Given the vagueness of these alleged injuries, defendant was entitled to plead and prove that plaintiff's damages were caused by, contributed to or aggravated by the acts or omissions of third-party defendant in representing plaintiff both before and after defendant's representation (see, Schauer v Joyce, 54 NY2d 1, 6).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.