■ In the Matter of ANDREW F. CAPOCCIA, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. The petition of charges commencing this attorney disciplinary proceeding was filed on September 11, 1987. Respondent is an Albany attorney admitted to practice in this department in 1974.

Following denial of his motion to dismiss the petition on various grounds, respondent filed an answer which denied the charges in the petition and raised several affirmative defenses. Thereafter, in response to petitioner's motion for a reference, respondent cross-moved for an order denying the reference on the ground no factual issues were in dispute and for a further order requiring the parties to attempt in good faith to stipulate to undisputed facts. In the event petitioner's motion was granted, respondent also moved for referral of the matter to a Judge outside the Third Judicial Department. Finally, respondent sought to disqualify petitioner's attorneys on the ground

their continued representation of petitioner violated various provisions of the Code of Professional Responsibility.

By decision dated April 27, 1988, respondent's motions to disqualify petitioner's attorneys and to have the matter referred for a hearing outside the Third Judicial Department were denied. Respondent's cross motion was, however, granted to the extent that the parties were directed to attempt, in good faith, to stipulate to undisputed or documentary facts in an effort to permit the proceeding to be resolved without the necessity of a plenary hearing.

Counsel subsequently exchanged proposed stipulations but were unable to agree on a statement of facts. Thereafter, each side made motions which, in effect, sought summary judgment based upon their proposed factual stipulation. By decision dated September 23, 1988, both motions were denied and the matter was set down for oral argument, the court noting that "sufficient undisputed or documentary facts exist so as to permit determination of this proceeding without referral for a hearing". Counsel were heard before the court on October 11.

The petition contains two charges of misconduct, the first based upon respondent's actions in 1986 in a matter which was then pending in Supreme Court, Albany County, entitled *Forchilli v McDonald et al.,* and the second involving his activities in the same court in another case entitled *Pioneer Ins. Co. v Coco.*

In the *Forchilli* case, respondent, who was then attorney for the plaintiff, is charged with violating a November 14, 1986 order of the Supreme Court which directed, *inter alia,* that certain settlement checks be delivered to respondent, that respondent cause the checks to be endorsed, that the proceeds be promptly deposited with the Albany County Clerk, and that the County Clerk issue a check, in a specified amount to the plaintiff representing her share of the settlement. It is not disputed that on November 25, 1986 respondent deposited the settlement checks to his escrow account instead of making the deposit with the County Clerk as Supreme Court had ordered. Thereafter, on December 1 and 3, 1986, respondent issued checks to the plaintiff in full payment of the amount due her.

Respondent contends that he is not guilty of violating the order in question because certain provisions contained therein, including the direction that funds be deposited with the County Clerk, did not reflect the court's oral determination rendered in chambers. Respondent notes that upon being served with the order on November 17, 1986, he immediately

moved to vacate it by motion returnable December 3, 1986. He further points out that on December 3, 1986 the court signed an amended order which omitted the provision regarding ·deposit with the County Clerk.

We reject respondent's contentions regarding his failure to comply with the court's November 14, 1986 order. The order signed by the court clearly provided that the settlement proceeds were to be deposited with the County Clerk. Respondent violated that provision on November 25, 1986 when he deposited the settlement checks to his escrow account. His arguments that the making of a motion to vacate the order somehow excused his compliance and that he was merely attempting to maintain the "status quo" by depositing the checks to his escrow account, are unpersuasive. We therefore conclude that Charge I is sustained insofar as it alleges that respondent engaged in conduct prejudicial to the administration of justice (Code of Professional Responsibility DR 1-102 [A] [5]). The charge is not sustained insofar as it alleges conduct involving moral turpitude (DR 1-102 [A] [3]) or conduct involving dishonesty, fraud, deceit, or misrepresentation (DR 1-102 [A] [4]).

In connection with the *Pioneer Ins. Co. v Coco* matter, respondent is charged with, *inter alia,* taking action merely to harass or maliciously injure another, advancing a claim unwarranted under existing law and knowingly making a false statement of fact in violation of DR 7-102 (A) (1), (2) and (5) of the Code of Professional Responsibility. These charges are premised, in part, on various actions taken by respondent during 1986 to enjoin Dominick J. Brognano, Esq., from settling several personal injury cases in which respondent was formerly attorney of record. Brognano had taken over these cases from respondent during the latter's six-month suspension from practice which was imposed by this court in 1985 *(Matter of Capoccia,* 107 AD2d 888, *lv denied* 64 NY2d 606). A dispute subsequently developed between the attorneys as to the handling of the cases and the division of fees *(see, e.g., Capoccia v Brognano,* 135 AD2d 1010, 126 AD2d 323). The petition of charges states that on June 9, 1986, respondent obtained an order from Supreme Court, Albany County, which directed Brognano not to resolve by settlement, adjustment or trial verdict any action in which respondent was formerly attorney of record without first obtaining respondent's consent or the approval of the court pursuant to Judiciary Law § 477. Thereafter, on June 23, 1986, respondent obtained a further order from the court pursuant to Judiciary Law § 475 direct-

ing Brognano not to resolve by settlement, adjustment or trial verdict any action in which respondent was formerly attorney of record until respondent's lien was fixed and determined. In July 1986, respondent sought to hold Brognano in contempt of these orders in view of the latter's attempts to settle the *Pioneer Ins. Co. v Coco* action without court approval. On September 30, 1986, the court denied respondent's contempt motion on the ground he had failed to show that Brognano had acted in willful violation of the subject orders. The petition further alleges that the *Pioneer Ins. Co. v Coco* case was an action by an insurance company against respondent's client arising out of an allegedly fraudulent fire loss claim and not a personal injury action so as to fall within the purview of Judiciary Law § 477. Finally, the petition asserts that the sum of $3,000 paid to respondent by his client in 1982 constituted his full fee such that no additional moneys were due respondent and therefore no lien was available to him under Judiciary Law § 475. Based upon the foregoing, the petition concludes that respondent's bringing of the contempt motion against Brognano was unwarranted and constituted legal action taken "merely to harass or maliciously injure another".

Respondent counters this charge of misconduct by noting that he interposed personal injury counterclaims seeking damages on behalf of his client in the *Pioneer Ins. Co.* action and that, in addition to the $3,000 retainer paid by his client to defend the main action, the client had agreed to pay him a one-third contingency fee on any amount recovered on the counterclaims. Respondent therefore submits that he was fully justified in seeking to hold Brognano in contempt of the previous orders obtained pursuant to sections 475 and 477 of the Judiciary Law and that the fact the court did not grant his contempt motion does not mean that he acted maliciously or in bad faith.

Upon reviewing all of the pleadings, orders and affidavits submitted in connection with the *Pioneer Ins. Co.* case, we conclude that the charge of misconduct based upon respondent's bringing of the contempt motion against Brognano is not established and should therefore not be sustained.

In a second specification relating to the *Pioneer Ins. Co.* case, the petition states that in the September 30, 1986 order which denied respondent's contempt motion, a provision was included which required respondent, within 10 days of service of the order, to "submit evidence to this Court" regarding

disposition of the settlement check which had been forwarded to him. It is contended by petitioner that respondent failed to obey this directive of the court. In answer to this charge, respondent states that on October 7, 1986 he directed his office manager to call the Judge's office to report regarding the disposition of the settlement check, that the office manager called the Judge's office that same day and told the Judge's secretary that the settlement check was mailed to respondent's client on August 25, 1986, and that the secretary informed the office manager that she would so advise the Judge and would call respondent's office back if anything further was needed. These facts are supported by an affidavit of the office manager and do not appear to be disputed by petitioner. However, petitioner takes the position that because the information provided to the Judge regarding disposition of the settlement check was not in writing and was not also provided to Brognano's counsel, the court order was not complied with. We disagree. The order in question did not require that the information be provided to the court in writing nor did it require that this information be provided to opposing counsel. In view of this and the evidence presented by respondent regarding his efforts to comply with the court's order, we conclude that this specification of misconduct is likewise not established.

To summarize, it is determined that Charge I of the petition is sustained only insofar as it alleges a violation of DR 1-102 (A) (5); Charge II is not sustained.

In determining the measure of discipline to be imposed, we have considered the circumstances surrounding the misconduct of which respondent has been found guilty and also recognize the fact that respondent has a past disciplinary history *(Matter of Capoccia, supra)*. We conclude that justice would be served in this matter by imposing a censure upon respondent.

Respondent censured. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.