■ CAROL BIZZARRO, Appellant, v DOMINICK J. BROGNANO, Defendant and Third-Party Plaintiff-Respondent. ANDREW F. CAPOCCIA, P. C., et al., Third-Party Defendants-Appellants.— Mahoney, P. J. Appeal from an order of Supreme Court (Prior, Jr., J.), entered May 13, 1987 in Albany County, which, inter alia, granted the motion of defendant and third-party plaintiff to disqualify third-party defendants from representing plaintiff in this action.

The facts underlying this appeal are set forth in our prior decision (136 AD2d 861), in which we affirmed the denial of plaintiff and third-party defendant's* motion to dismiss defendant's counterclaim and third-party complaint. Thereafter, defendant moved to disqualify third-party defendant from representing plaintiff on the ground that third-party defendant will necessarily be a witness on the trial of this case. Supreme Court granted the motion and this appeal followed.

Third-party defendant represented plaintiff in her matrimonial action before his suspension from the practice of law (see, Matter of Capoccia, 107 AD2d 888, lv denied 64 NY2d 606) and after his reinstatement. Defendant represented plaintiff during the term of third-party defendant's suspension. As plaintiff's allegations of defendant's legal malpractice involve the status of the case before and after the period of suspension, it is obvious that third-party defendant must testify. Under such circumstances, third-party defendant cannot continue representing plaintiff (see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437; see also, Code of Professional Responsibility DR 5-102).

---

* As in the prior appeal herein, we shall refer to the two third-party defendants in the singular.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.